DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Brian McKee pleaded guilty to charges in two cases. At his sentencing hearing, the trial court sentenced him to three years in the first case and six months in the second case, with the sentences to run consecutively for a total prison term of three and a half years. After a discussion off the record, the court resentenced him to four years in the first case and six months in the second, with the sentences to run concurrently for a total prison term of four years. The court's judgment entry for the first case stated that Mr. McKee's sentences in the two cases would run concurrently. The court's judgment entry for the second case, however, stated that the sentences in the two cases would run consecutively. Because there is an inconsistency between the trial court's judgment entries, this Court reverses Mr. McKee's sentences and remands for resentencing. *Page 2 
 FACTS {¶ 2} Mr. McKee pleaded guilty to forgery and receiving stolen property. In a separate case, he pleaded guilty to drug trafficking. At a combined sentencing hearing, the prosecutor stated that he was "seeking concurrent time . . . four years on this defendant." The court sentenced Mr. McKee to three years for trafficking and six months for forgery and receiving stolen property, with the sentences in the two cases to run consecutively for a total prison term of three and a half years.
 {¶ 3} After the court stated Mr. McKee's sentences, his lawyer asked to approach the bench. Following a discussion off the record, the court said that, "[i]f that is what he wants me to do, I will be more than happy to do it." The court resentenced Mr. McKee to four years for trafficking and to six months for forgery and receiving stolen property, with the sentences in the two cases to run concurrently for a total prison term of four years.
 {¶ 4} Following the hearing, the trial court issued a judgment entry in each case. The judgment entry it issued in the trafficking case provided that Mr. McKee's four-year sentence was "to be served concurrent with" his forgery and receiving stolen property sentence. Its judgment entry in the forgery and receiving stolen property case, however, provided that his six-month sentence was "to be served consecutive to" his trafficking sentence. Mr. McKee has appealed his sentences, assigning one error.
 JURISDICTION {¶ 5} As an initial matter, the State has argued that this Court may not review Mr. McKee's sentences because he requested them. Section 2953.08(D)(1) of the Ohio Revised Code provides that "[a] sentence imposed upon a defendant is not subject to review . . . if the *Page 3 
sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 6} There is no evidence that Mr. McKee asked to be resentenced to four years. The only statement from the sentencing hearing that might suggest that idea was a statement made by the trial court following an off-the-record conversation. The court stated that, "[i]f that is what he wants me to do, I will be more than happy to do it." Because the conversation preceding that comment was held off-the-record, it is not clear what the court meant. Moreover, even if Mr. McKee did ask to be resentenced to a combined prison term of four years, the trial court's judgment entry for his forgery and receiving stolen property convictions did not impose that sentence. "A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." Schenley v. Kauth, 160 Ohio St. 109, paragraph one of the syllabus (1953). "[A]n oral pronouncement of sentence in open court does not meet this rule." State v. Overstreet, 9th Dist. No. 21367, 2003-Ohio-4530, at ¶ 8 (quoting State v. Teets, 9th Dist. No. 3022-M,2000 WL 1350023 at *1 (Sept. 20, 2000)). The judgment entry for Mr. McKee's forgery and receiving stolen property convictions imposed a four-and-a-half-year sentence. This Court, therefore, concludes that Section 2953.08(D)(1) does not prohibit the review of his sentences.
 INCONSISTENT JUDGMENT ENTRIES {¶ 7} Mr. McKee has argued that his sentences should be reversed because the court's judgment entries are inconsistent. He has argued that the judgment entry for his forgery and receiving stolen property convictions is incorrect because it does not reflect the sentence imposed by the court at his sentencing hearing. *Page 4 
 {¶ 8} The State has conceded that the trial court erred. It has argued, however, that this Court should amend Mr. McKee's sentences so that they run concurrently for a total prison term of four years.
 {¶ 9} Although the parties appear to agree that the judgment entry regarding Mr. McKee's forgery and receiving stolen property convictions is incorrect, this Court will not guess whether the trial court intended Mr. McKee's sentences to run concurrently or consecutively. Although the court originally announced consecutive sentences totaling three and a half years, it then changed the sentences to concurrent, totaling four years. Next, it issued a judgment entry in one case ordering the sentences in the two cases to run concurrently and a judgment entry in the other case ordering that they run consecutively. As noted above, a court speaks only through its journal. Schenley v. Kauth,160 Ohio St. 109, paragraph one of the syllabus (1953). Because the trial court's judgment entries are inconsistent, Mr. McKee's sentences must be reversed. His assignment of error is sustained. His argument that the trial court failed to consider the sentencing criteria required by Sections 2929.11 and 2929.12 of the Ohio Revised Code is moot.
 CONCLUSION {¶ 10} Mr. McKee's sentences are inconsistent with each other. The judgments of the Medina County Common Pleas Court are reversed and this matter is remanded for resentencing.
Judgments reversed, and causes remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 5 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellee.
 SLABY, J. MOORE, P. J. CONCUR *Page 1